IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ÁNGEL A. CUBERO-VÁZQUEZ,

Petitioner,

v.                                    CIV. NO.: 20-1530 (SCC)

UNITED STATES OF AMERICA,

Respondent.

## OMNIBUS OPINION AND ORDER

Mr. Ángel Cubero-Vázquez' ("Mr. Cubero-Vázquez") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). *See* Docket No. 1. The Government has since moved to dismiss the Petition. *See* Docket No. 10. And after Mr. Cubero-Vázquez' Court appointed counsel[1] investigated his allegations, she too, filed a motion arguing that the Petition should be denied. *See* Docket No. 20. For the reasons set forth below, the Court hereby **DENIES** the Petition, **GRANTS** the Government's request to dismiss and **NOTES** the request to deny the Petition filed by Mr. Cubero-Vázquez' counsel.

---

[1] Mr. Cubero-Vázquez moved to amend the Petition, *see* Docket No. 12, but the Court construes that request to amend as a supplement to his initial Petition. It is also worth noting that, Mr. Cubero-Vázquez filed the Petition *pro se*. However, after several procedural developments, he was appointed counsel. *See* Docket No. 16.

## I. ANALYSIS

### A. Background: A Brief Primer

Since the Government's main line of attack in its Motion to Dismiss is that the Petition is untimely, the Court begins by touching on some key dates. On August 28, 2012, a grand jury returned a one count indictment charging Mr. Cubero-Vázquez with carjacking that resulted in serious bodily injury in violation of 18 U.S.C. § 2119(2). *See* Crim. No. 12-641, Docket No. 12. On January 17, 2014, he pled guilty to that charge. *See* Crim. No. 12-641, Docket Nos. 44, 46, 52 and 62. The sentencing hearing took place on April 14, 2014, and even though the sentencing judge[2] noted that the guideline range was between 151 and 188 months, he ultimately imposed an upward variance that resulted in the imposition of a 300 months' sentence of imprisonment. Crim. No. 12-641, Docket Nos. 55 and 63, pgs. 11-19. Judgment was entered that same day. Crim. No. 12-641, Docket No. 56.

Mr. Cubero-Vázquez appealed. Crim. No. 12-641, Docket No. 57. The appeal turned on whether the imposed

---

[2] Then District Court Judge Gustavo A. Gelpí presided over Mr. Cubero-Vázquez' criminal case (Crim. No. 12-641) and was therefore the sentencing judge. Once Judge Gelpí was confirmed to the U.S. Court of Appeals for the First Circuit, both the criminal case and this civil case were reassigned to the undersigned.

sentence was procedurally and substantively reasonable. Crim. No. 12-641, Docket No. 64. On May 22, 2015, the First Circuit affirmed Mr. Cubero-Vázquez' sentence and highlighted that "the district court [had] explained that [Mr. Cubero-Vázquez'] crime was significantly more severe than an ordinary carjacking resulting in serious bodily injury, and so an ordinary sentencing enhancement for serious bodily injury was insufficient to account for the crime's severity." *Id.* Five years (and some change) later, Mr. Cubero-Vázquez filed his Petition. Having gone over these dates, the Court begins its analysis.

### B. The Timeliness (or Untimeliness) of Mr. Cubero-Vázquez' Petition

In his Petition, Mr. Cubero-Vázquez raises four grounds which he understands warrant *habeas* relief. Docket No. 1. In short, those four grounds boil down to a claim of actual innocence and an ineffective assistance of counsel claim. The Government's overarching argument, in turn, is the following: the Court need not delve into the merits of Mr. Cubero-Vázquez' Petition because it is untimely. *See* Docket No. 10. After all, the Government contends, the one-year statute of limitations clock for Mr. Cubero-Vázquez to move for *habeas* relief expired well before he filed the Petition.

Section 2255(f) limits the filing of § 2255 motions to a one-year period. *See* 28 U.S.C. § 2255(f). As it pertains to the facts of this case, that one-year period began to run on "the date on which the judgment of conviction bec[ame] final." 28 U.S.C. § 2255(f)(1).[3] And when did Mr. Cubero-Vázquez' conviction become final? Well, the Supreme Court has instructed that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Per Rule 13 of the Rules of the Supreme Court, a party looking to file a petition for a writ of certiorari has "90 days after entry of the judgment," to do so. *See* Sup. Ct. R. 13(1). This follows that if Mr. Cubero-Vázquez did not file a petition for a writ of certiorari within 90 days after the entry of the First Circuit's judgment, that is, by August 20, 2015 (90 days after the entry of the May 22, 2015 judgment), his conviction became final on August 20, 2015 and the one-year clock began to run on that date.

---

[3] Subsection 2255(f) states four scenarios under which the one-year period may begin to run. *See* 28 U.S.C. § 2255(f). The Court does not find that any of the other three possible scenarios (§§ 2255(f)(2) – (f)(4)) apply to the facts of this case.

Here, a look at the record confirms that Mr. Cubero-Vázquez never filed a petition for writ of certiorari before the Supreme Court and so his conviction became final on August 20, 2015. Therefore, he had until August 19, 2016[4] to file his § 2255 motion. Mr. Cubero-Vázquez, however, did not file the Petition until either late September 2020 or early October 2020.[5] Consequently, it appears, as the Government argues, that his Petition is untimely.

But that is not (yet) the end of the road for Mr. Cubero-Vázquez (and the Court's analysis) for he invokes equitable tolling as a ground to excuse his filing delay. And he can do this since § 2255's one-year statute of limitations is not jurisdictional and is therefore "subject to equitable tolling in

---

[4] The Court counted 365 days from the August 20, 2015 date (the day that Mr. Cubero-Vázquez' conviction became final).

[5] Mr. Cubero-Vázquez' Petition is dated September 27, 2020, but the same was entered in the electronic docket on October 7, 2020. Docket No. 1. Furthermore, there is no discernable date on the postmark on the envelope that contained the Petition, *see* Docket No. 1-1 and such information would have been useful since "a *pro se* prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail." *Morales-Rivera v. United States*, 184 F.3d 109, 109 (1st Cir. 1999). But regardless of the date that the Court uses as the filing date (either September 27 or October 7), the Petition is still untimely when § 2255(f)(1) is applied.

appropriate instances." *Ramos-Martínez v. United States*, 638
F.3d 315, 321-322 (1st Cir. 2011). So the Court next turns to the
equitable tolling matter.

### C.  Mr. Cubero-Vázquez' Equitable Tolling Argument

"To establish a basis for equitable tolling, a *habeas*
petitioner must demonstrate that he or she has diligently
pursued her rights, but some extraordinary circumstance, or
obstacle, prevented timely filing." *Blue v. Medeiros,* 913 F.3d 1
8 (1st Cir. 2019). Mr. Cubero-Vázquez "bears the burden of
establishing" that he can reap the benefits of equitable tolling.
*See Neverson v. Farquharson*, 366 F.3d 32, 41-42 (1st Cir. 2004).
Still, the one-year period "will not be equitably tolled merely
because the underlying grounds for habeas relief are
extraordinary; rather, the 'extraordinary circumstance' must
be one that actually *caused* the untimely filing." *Holmes v.
Spencer*, 685 F.3d 51, 62 (1st Cir. 2012).

In his Petition, Mr. Cubero-Vázquez argues that he has
spent most of his term of imprisonment in high level security
institutions. Docket No. 1, pg. 14. Those institutions, he
contends, have been "more close than open" due to multiple
fights breaking out which have led to the implementation of
restrictive measures that have limited his access to the law

library and hindered his ability to find someone, such as a "jail house lawyer," who could assist him with the preparation of his petition. *Id.*

Mr. Cubero-Vázquez has also submitted, for the Court's consideration, a letter from a correctional counselor at the Federal Correctional Institution I located in Butner, North Carolina ("Butner"). Docket No. 12-1. The letter is dated April 26, 2021 and states that Mr. Cubero-Vázquez has been incarcerated at Butner since January 7, 2021 and that, during that time, in response to the COVID-19 pandemic, the correctional institution has "limited inmate's access to certain programs and materials that could assistant an inmate in legal matters." *Id.* This letter, however, is not enough to rise to the level of "extraordinary circumstances" that would explain the delay in the filing of the Petition and that would make equitable tolling available in this case.

For starters, the letter refers to a period *after* the filing of the Petition and does not explain how the restrictions placed in Butner precluded Mr. Cubero-Vázquez from timely filing the Petition. Nor does the letter explain if, for example, when he was able to access[6] the law library, the legal materials

---

[6] Mr. Cubero-Vázquez does not claim that he *never* had access to the law

there were not the necessary ones for him to pursue *habeas* relief. *See, e.g., Holmes,* 685 F.3d at 62-63 (recognizing that "where a penitentiary's library does not possess the legal materials necessary to adequately pursue relief," such circumstances could be deemed an "extraordinary circumstance," that could warrant equitable tolling, but that instances where the petitioner "does not specify how the prison library's materials were inadequate, nor . . . allege that they were withheld from use altogether[,]" does not satisfy the standard). Furthermore, no evidence was provided regarding what, if anything, transpired between August 20, 2015 and August 19, 2016 that prevented the timely filing of the Petition. So while the conditions described by Mr. Cubero-Vázquez are not ideal, the reasons provided by Mr. Cubero-Vázquez for having failed to timely file the Petition do not pass muster.[7]  Ultimately, here, the record remains devoid of

---

library, just that it was limited. Docket No. 1, pg. 14.

[7] The Court is mindful of Justice Sonia M. Sotomayor's pronouncement in *Simmons v. United States,* 142 S.Ct. 23 (2021) concerning how courts should evaluate *pro se* petitions. Rest assured that the Court (even though Mr. Cubero-Vázquez was appointed counsel after the filing of the Petition) kept Justice Sotomayor's words in mind when considering the Petition. However, since the Court must treat each equitable tolling argument "on a case-by-case basis," *see Ramos-Martínez v. United States,* 638 F.3d 315, 323 (1st Cir. 2011), here, even the most liberal reading of Mr. Cubero-Vázquez'

any evidence or concrete argument showing the "extraordinary circumstance" that provoked the untimely filing. Accordingly, the Court next turns to Mr. Cubero-Vázquez' "actual innocence" argument.

### D. Mr. Cubero-Vázquez' Actual Innocence Claim

Thus far, the Court has determined that Mr. Cubero-Vázquez' petition is untimely and is not subject to equitable tolling. But, in his Petition, Mr. Cubero-Vázquez has also included what he refers to as an "actual innocence" claim. Docket No. 1, pgs. 5-6. And because a meritorious actual innocence claim may bypass § 2255's one-year statute of limitations, the Court evaluates his argument. *See McCants v. Alves*, 67 F.4th 47, 51-52 (1st Cir. 2023) (recognizing that "if a petitioner makes a 'credible showing of actual innocence,' an equitable exception can excuse lack of compliance with the statute of limitations."). To do so, Mr. Cubero-Vázquez "must show that new evidence shows it is more likely than not that no reasonable juror would have convicted [him]." *Id.* at 52 (cleaned up).

Also relevant, the Supreme Court has stated that "[w]here a defendant has procedurally defaulted a claim by

---

Petition, does not make equitable tolling available.

failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (cleaned up). While this issue was not argued by the parties, a look at Mr. Cubero-Vázquez' appeal before the First Circuit confirms that the same was limited to the matter concerning the upward variance imposed by the sentencing judge. To that end, Mr. Cubero-Vázquez' argument that he should have been prosecuted in state court instead of in federal court because the statute under which he was charged was "arbitrarily" enforced against him since it could (according to him) only be enforced if the accused was using a firearm, and not a knife, *see* Docket No. 1, pgs. 5-6, is a procedurally defaulted claim that he is advancing for the first time in a collateral attack to his sentence. And he has conceded as much. *Id.* at pg. 12 (stating that all four grounds raised in the Petition are being raised for the first time). So, for the Court to consider it, the Court must first determine, as relevant here, that he is actually innocent, while bearing in mind that the Supreme Court has specified that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Here, the Court finds that Mr. Cubero-Vázquez'
purported actual innocence claim fails because the Court
cannot ascertain a *factual* innocence claim in Mr. Cubero-
Vázquez' Petition.[8] Moreover, Mr. Cubero-Vázquez has not
advanced the "new evidence" that would satisfy the "more
likely than not" standard mentioned above. The Court
therefore turns to Mr. Cubero-Vázquez' final arguments.

---

[8] In his Petition, Mr. Cubero-Vázquez argued that he was actually innocent because to be prosecuted in federal court and charged pursuant to the carjacking statute, the accused must have committed the carjacking while using a firearm instead of a knife. Docket No. 1, pgs. 5-6. He reasons that because he never used a firearm, the statute does not apply to him. And in any event, he should have been prosecuted in state court. To be clear, the record is devoid of any mention of a firearm in connection to the crime for which Mr. Cubero-Vázquez was charged. But the "firearm" requirement was present in the original version of the carjacking statute. The carjacking statute was amended in 1994. Prior to the 1994 amendment, the carjacking statute read, in pertinent part: "[w]hoever, possessing a firearm . . . takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce." *See* 18 U.S.C. § 2119 (amended 1994). The 1994 amendment, *inter alia*, eliminated the reference to "firearm" and added new language such that the beginning of that statute now reads: "[w]hoever, *with the intent to cause death or serious bodily harm*[.]" 18 U.S.C. § 2119; *see also* Violent Crime Control and Law Enforcement Act of 1994, tit. VI, § 60003(a)(14), 108 Stat. 1796, 1970. So Mr. Cubero-Vázquez' argument reflects a confusion regarding the statute that he was charged with violating; that confusion likely stems from having read the wrong version of the carjacking statute.

### E. Mr. Cubero-Vázquez' Ineffective Assistance of Counsel Claim, Request for an Evidentiary Hearing and Reliance on the Savings Clause

Three loose ends remain. First, as previously stated, Mr. Cubero-Vázquez launched an ineffective assistance claim, but also as previously stated, Mr. Cubero-Vázquez' Petition is untimely, and so the Court need not delve into his ineffective assistance of counsel claim.[9] Second, Mr. Cubero-Vázquez' request for an evidentiary hearing is a one-line request that can be found at the end of his Petition. Docket No. 1, pg. 15. Mr. Cubero-Vázquez bears a "heavy burden" to show that he should be afforded an evidentiary hearing. *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003). Moreover, it is axiomatic that "[a] prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right." *David v. United States*, 134 F.3d 470, 477 (1st Cir. 1998). But even affording Mr. Cubero-Vázquez' Petition the most liberal reading possible, an evidentiary hearing is not warranted here.[10] Mr. Cubero-Vázquez'

---

[9] Assuming, *arguendo*, that the Petition were timely, the record shows that Mr. Cubero-Vázquez' ineffective assistance claims are meritless.

[10] It appears Mr. Cubero-Vázquez' Court appointed counsel felt the same way, for she did not further develop this request in the motion she filed at Docket No. 20.

Petition is untimely and he has been unable to overcome that defect.

The last loose end pertains to Mr. Cubero-Vázquez' request to invoke § 2255(e), also known as § 2255's "savings clause." Mr. Cubero-Vázquez asks the Court to do so "in the event that th[e] Court does not want to entertain [his] issues," Docket No. 1, pg. 14, and he can file a petition pursuant to 28 U.S.C. § 2241. Section 2255's savings clause kicks in when "the remedy provided by section 2255 is deemed 'inadequate or ineffective.'" *Trenkler v. United States*, 536 F.3d 85, 98 (1st Cir. 2008).

The Court does not see how a *timely* § 2255 would have been an "inadequate or ineffective" way for Mr. Cubero-Vázquez to advance the challenges that he advanced in the Petition. Here, the hurdle that Mr. Cubero-Vázquez has been unable to clear is that the Petition is untimely. And the Court does not find that the savings clause is intended to serve as a loophole to overcome the fact that Mr. Cubero-Vázquez' Petition is untimely or to overcome the other defects the Court has pointed out his Petition suffers from. *See, e.g., Trenkler*, 536 F.3d at 99 (stating, although in the successive *habeas* context, that "[t]he mere inability to satisfy" § 2255's statute of

limitations does not mean that the § 2255 petition was ineffective or inadequate such that a petitioner should be "afford[ed] access to the savings clause.").

## II.  CONCLUSION

In light of the above, the Court hereby **DENIES** the Petition at Docket No. 1, **GRANTS** the Government's request to dismiss at Docket No. 10 and **NOTES** the request to deny the Petition filed by counsel for Mr. Cubero-Vázquez at Docket No. 20.

Moreover, the Court **DENIES** Mr. Cubero-Vázquez a certificate of appealability because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies [§ 2253(c)(2)] by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of February 2024.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE